IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SIMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| DUPAGE HOUSING AUTHORITY, | ) | |
| DHA MANAGEMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Anthony Simpkins ("Simpkins" or "Plaintiff") by and through his attorneys, for his Complaint against DuPage Housing Authority ("DHA") and DHA Management, Inc. ("DHA Management") states as follows:

## NATURE OF CLAIMS

1. This lawsuit demonstrates the devastating consequences that occur to hard-working employees where there is public corruption. Defendant DHA was under an investigation for years as a result of financial mismanagement and has been obligated to repay millions of dollars in improperly awarded contracts.

2. Simpkins worked for Defendants as a maintenance employee but--due to a claimed hiring freeze caused by the financial mismanagement--he was misclassified as an independent contractor.

3. Simpkins was seriously injured earlier this year. Because he was misclassified as an independent contractor and not an employee, he was not afforded the valuable benefits that are offered to those employees. The Defendants also saved thousands of dollars in overtime pay and other benefits by misclassifying him.

4. To seek redress for his injuries, Simpkins brings claims under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), the Employee Classification Act, 820 ILCS § 185/1 *et seq.* ("ECA"), the Illinois Prevailing Wage Act, 820 ILCS § 130/0.01 *et seq.* ("IPWA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") for DHA's (1) failure to pay overtime to Simpkins for all hours worked in excess of forty (40) hours in individual work weeks; (2) failure to classify Simpkins as an "employee"; (3) failure to pay the prevailing wage for work Simpkins performed on public works projects; (4) terminating Simpkins after a vehicular accident without providing him with unpaid, job-protected medical leave; and (5) otherwise denying to Simpkins the benefits of being an employee.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA and FMLA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

7. At all material times hereto, Plaintiff Simpkins resided in this judicial district and is a citizen of the state of Illinois.

8. Defendant DHA is a governmental, public corporation created under federal and state housing laws for the purpose of engaging in the development, acquisition and administrative activities of the low-income housing program and other programs with similar objectives for low and moderate income families residing in DuPage County, Illinois. It is responsible for administering the Housing Choice Voucher (HCV) Program and operating certain low-rent housing

programs administered by the U.S. Department of Housing and Urban Development (HUD), the State of Illinois and DuPage County.

9. DHA Management is an Illinois not-for-profit corporation that oversees the management and development of DHA's properties. According to DHA's financial statements, DHA Management "was established to provide property management services to landlords in and around DuPage County" and to perform other services.

10. At all material times hereto, Simpkins was employed by Defendants as an "employee" as defined by the FLSA, IMWL, ECA, and FMLA within this judicial district.

11. At all material times hereto, Simpkins was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207 and the IMWL, 820 ILCS § 105/4a.

12. At all material times hereto, Defendants were an "employer" as defined in the FLSA, 29 U.S.C. § 203(3)(d); the IMWL, 820 ILCS § 105/3(c); the ECA 820 ILCS § 185/10; and the FMLA 29 U.S.C. § 2611(2)(A).

**ALLEGATIONS OF FACT**

13. Simpkins was hired by Defendants in 2009. During his employment, Simpkins performed construction, remodeling, and maintenance work for Defendants at, *inter alia*, a public housing unit known as Ogden Manor, located at 395 W. Ogden Avenue, Naperville, Illinois 60563 (hereinafter "Ogden Manor").

14. During the time that Simpkins worked for Defendants, DHA was severely mismanaged. For example according to a Chicago Tribune article, HUD audits showed "widespread financial mismanagement"[1] and HUD concluded that the "troubled agency violated numerous federal regulations and must pay back $10.75 million in misused tax money" after it did

---

[1] http://articles.chicagotribune.com/2011-04-26/news/ct-met-dupage-county-board-0427-20110426_1_president-john-day-dupage-housing-authority-board-chairman-dan-cronin

not allow public bids and committed other misconduct.[2]

15.     During the time that Plaintiff worked for Defendants, the Huffington Post reported that the ex-director of DHA was using his corporate credit card for expenditures such as a cigar shop, restaurants, parties, and health club dues.[3]

16.     As a result of the aforementioned financial mismanagement, and other improprieties, Defendants told Plaintiff that there was a hiring freeze and that it needed to classify him as an independent contractor rather than as an employee.

17.     Despite being hired purportedly as an independent contractor, Plaintiff's duties were such that he was an employee.

18.     Accordingly, Simpkins was an employee of Defendants under federal and state law, and was entitled to the same protections and benefits provided to Defendants' other employees.

19.     Defendants directed, supervised, and reviewed Simpkins' work, scheduled his work hours, and expected him to follow the employee handbook.

20.     Defendants assigned Simpkins a desk with a phone, a computer, and even a DHA e-mail address.

21.     When the Defendants were concerned about Plaintiff's performance, he was even written up as an employee.

22.     Defendants issued a credit card to Simpkins and reimbursed him for work-related travel expenses.

23.     At all material times hereto, Simpkins worked on weekends and holidays but received no overtime, holiday pay, or vacation pay as was allotted to the Defendants' employees.

24.     Based on Simpkins' misclassification as an "independent contractor", Defendants

---

[2] http://articles.chicagotribune.com/2011-05-28/news/ct-met-dupage-housing-probe-20110528_1_dupage-housing-authority-affordable-housing-art-donner
[3] http://www.huffingtonpost.com/2011/04/28/dupage-housing-authority-_n_855028.html

did not provide unemployment or workers' compensation insurance or other state-mandated employee benefits to Simpkins. Nor did they make Federal Insurance Compensation Act ("FICA") contributions or provide other benefits to him.

25. At all material times hereto, Simpkins was paid an hourly rate that was below the general prevailing hourly rate as paid for work of a similar character in the locality.

26. In May 2015, Simpkins was involved in a serious vehicular accident after which Defendants ended their relationship with him without providing him with the opportunity to obtain FMLA or disability benefits.

## COUNT I

### Violation of the FLSA - Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 26 as though fully set forth herein.

27. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for their failure to pay overtime wages to Simpkins at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

28. During the course of his employment by Defendants, Simpkins was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

29. During the course of his employment, Simpkins was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

30. Pursuant to 29 U.S.C. § 207, Simpkins was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

31. Defendants did not compensate Simpkins at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

32. Defendants' failure to pay Simpkins overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week violates the FLSA, 29 U.S.C. § 207.

33. Defendants' willfully violated the FLSA by refusing to pay Simpkins his overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Simpkins is entitled to recover unpaid wages for up to three (3) years prior to the filing of this Complaint because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week and all other damages available to him under the law;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL - Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 34 as though fully set forth herein.

35. This Count arises from Defendants' violation of the IMWL, 820 ILCS § 105/1 *et seq.*, for its failure to pay overtime wages to Simpkins at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

36. During the course of his employment by Defendants, Simpkins was not exempt from the overtime wage provisions of the IMWL.

37. During the course of his employment with Defendants, Simpkins was directed by

Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

38. Pursuant to 820 ILCS § 105/4(a), Simpkins was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants did not compensate Simpkins at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants' failure to pay Simpkins overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violates the overtime pay provisions of the IMWL, 820 ILCS § 105/4(a).

41. Pursuant to 820 ILCS § 105/12(a), Simpkins is entitled to recover unpaid wages and overtime plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL including all overtime and other benefits provided under the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the ECA - Earned Wages and Employment Benefits

Plaintiff incorporates and realleges paragraphs 1 through 41 as though fully set forth herein.

42. This Count arises from Defendants' violation of the ECA, 820 ILCS § 185/1 *et seq.*,

for their failure to properly classify Simpkins as an employee and the losses associated therewith.

43. During the course of Simpkins' employment, Defendants employed Simpkins in construction as defined by the ECA, 820 ILCS § 185/5.

44. During the course of his employment, Simpkins was Defendants' employee as defined by the ECA 820 ILCS § 185/10.

45. During the course of Simpkins' employment, Defendants classified and treated Simpkins as an "independent contractor" in that, among other things, Defendants failed to comply with the requirements of paying overtime,; failed to pay unemployment benefits on behalf of Simpkins as required by Illinois law; failed to provide workers' compensation coverage for Simpkins as required by Illinois law; and failed to provide Simpkins with other employment benefits due him as were provided to other employees.

46. Pursuant to 820 ILCS § 185/60, Simpkins is entitled to recover the amount of any wages, salary, employment benefits, or other compensation denied or lost to the person by reason of the violation, plus an equal amount in liquidated damages and attorney fees. Plaintiff is also Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS § 185/60(a)(2).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment for all relief available under the ECA;

B. Liquidated damages as provided for by the ECA, 820 ILCS § 185/60(a)(l);

C. Compensatory damages as provided for by the ECA, 820 ILCS § 185/60(a)(2);

D. Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS § 185/60(a)(2);

E. Reasonable attorneys' fees and costs of this action as provided by the ECA, 820 ILCS § 185/60; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV

### Violation of the IPWA – Prevailing Hourly Wages

Plaintiff hereby incorporates and realleges paragraphs 1 through 46 as though fully set forth herein.

47. This Count arises from Defendants' violation of the prevailing wage provisions of the Illinois Prevailing Wage Act, 820 ILCS §130/0.01 *et seq*.

48. Defendants employed Simpkins as "laborer[], worker[] [or] mechanic[]," specifically as a construction and maintenance worker, on public works projects in Illinois, as defined by the IPWA, 820 ILCS § 130/2.

49. Pursuant to the IPWA, Simpkins was entitled to be compensated at the general prevailing rate of hourly wages.

50. Defendants were obligated to compensate Simpkins at no less than the general prevailing rate of hourly wages for periods of time Simpkins performed work on their behalf.

51. Simpkins was not compensated at the general prevailing rate of hourly wages for work he performed for Defendants on "public works" projects as defined by the IPWA.

52. In failing to compensate Simpkins at the general prevailing rate of hourly wages for work he performed for public works projects, Defendants violated the IPWA.

53. Pursuant to 820 ILCS § 130/11, Simpkins is entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount unpaid plus attorney fees. The applicable statute of limitations for this claim is five (5) years.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between wages paid and the prevailing wage rate for all employment on public works along with all other relief available

under the law;

B. Punitive damages pursuant to the formula set forth in 820 ILCS § 130/11;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V

### Violation of the FMLA – Unpaid Job-Protected Medical Leave

Plaintiff hereby incorporates and realleges paragraphs 1 through 53 as though fully set forth herein.

54. Under the FMLA, it is unlawful for any employer to interfere with, restrain, or deny the exercise or attempt to exercise any right provided under the FMLA.

55. Defendants willfully misclassified Simpkins as an independent contractor and evaded their responsibilities under the FMLA, and interfered with, restrained, and discouraged the exercise of Simpkins' FMLA rights by not providing FMLA benefits to him when he suffered a vehicular accident in May 2015 and terminating him instead.

56. By willfully misclassifying Simpkins, Defendants have violated the FMLA's prohibition on interference under 29 U.S.C. § 2617(a)(1)(A) and failed to make available to him benefits that would be made available to employees who were properly classified.

57. Defendants' interference and violations were not undertaken in good faith and was not undertaken under reasonable grounds that the misclassification did not violate 29 U.S.C. § 2617(a)(1) and thus there should be no reduction of liquidated damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A declaration of his rights under 29 U.S.C. § 2617(a)(1)(B);
B. All damages to which he is entitled, including but not limited to lost wages, front and back pay, reinstatement, liquidated damages, and reasonable attorneys' fees and costs incurred in filing this action; and

    C.    Such other and further relief as this Court deems appropriate and just.

Dated: October 14, 2015                                    Respectfully submitted,

                                                                                       **ANTHONY SIMPKINS**

                                                     By:    /s/ David J. Fish
                                                                           One of Plaintiff's Attorneys

## JURY DEMAND

Plaintiff demands trial by jury for all the issues pled in this Complaint so triable.

David J. Fish
Kimberly Hilton
Sarmistha (Buri) Banerjee
THE FISH LAW FIRM, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400