IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY SIMPKINS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15 CV 9103 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| DUPAGE HOUSING AUTHORITY and | ) |
| DHA MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff's FRCP 12(b)(1) & 12(b)(6) Motion to Dismiss Counterclaim [23] is granted. Defendants' Counterclaim is dismissed with prejudice.

## STATEMENT

Plaintiff Anthony Simpkins ("Plaintiff") worked as a handyman for Defendants DuPage Housing Authority and DHA Management, Inc. (collectively, "Defendants") from November 2009 to May 2015. In October 2015, Plaintiff filed a lawsuit alleging that Defendants failed to pay him overtime wages in violation of state and federal law, misclassified him as an independent contractor instead of an employee, did not pay him the legal prevailing wage, and did not provide him with the benefits he was entitled to under the Family Medical Leave Act. Almost a year later, Defendants filed a single-count counterclaim against Plaintiff alleging that the Independent Contractor Agreements he signed require Plaintiff to indemnify Defendants if they are found liable in this lawsuit. Before the Court is Plaintiff's motion to dismiss Defendants' counterclaim.[1] For the following reasons, the motion is granted.

Plaintiff alleges that he was an employee of Defendants and is entitled to unpaid overtime wages in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 150/4a. Congress enacted the FLSA in 1938 with the purpose of regulating businesses in a way that improves the "minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. The IMWL is Illinois' analogue to the FLSA. In addition to the well-being objectives that it shares with the FLSA, the IMWL explicitly declares "[a]ny contract, agreement or understanding for or in relation to such unreasonable and oppressive wage for any employment covered by this Act is void." 820 Ill. Comp. Stat. 150/2.

Defendants deny that Plaintiff was an employee, and for their indemnification counterclaim, they rely on the Independent Contractor Agreements. Plaintiff signed two agreements, but they have the same boilerplate clauses. The most recent agreement, signed on

---

[1] The parties' motions for summary judgment remain pending. The Court does not reach the issues raised in those motions in this order.

May 10, 2012, states that Plaintiff "shall defend, indemnify, hold harmless, and insure [Defendants] from any and all damages[,] expenses or liability resulting from or arising out of, any negligence or misconduct on [Plaintiff's] part, or from any breach or default of this Agreement which is caused or occasioned by the acts of [Plaintiff]." Pl.'s Mot. to Dismiss, Ex. 1 at 15. Defendants interpret the clause to be especially favorable to them. Under their reading, if the Court determines in this litigation that Plaintiff was an employee and Defendants are held liable, then Plaintiff must reimburse Defendants for their losses.

Defendants' interpretation is inapposite for a couple of reasons. First, under a plain reading of the indemnification clause, Plaintiff is only required to indemnify Defendants for his "negligence or misconduct." Plaintiff has filed this lawsuit to enforce rights that he may be entitled to under state and federal labor laws. If Plaintiff is determined to be an employee, there would be nothing negligent or improper about his decision to exercise his statutorily protected rights.

Second, if Defendants' interpretation of the indemnification clause were correct (which it is not), it would contravene federal law and be pre-empted by the Supremacy Clause of the Constitution. In 1986, an employer attempted to hold two employees, who were also plaintiffs, liable under an indemnification theory for the employer's violations of the FMLA. See LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986). The Fifth Circuit denounced the employer's effort and affirmed the district court's dismissal of the employer's counterclaim as "proper." Id. The LeCompte court held that "[t]o engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would undermine employers' incentive to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute." Id. Since then, several appellate courts around the country have joined the precedent set by the Fifth Circuit. See Lyle v. Food Lion, 954 F.2d 984, 987 (4th Cir. 1992); Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1408 (10th Cir. 1992); Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 144 (2d Cir. 1999). The Seventh Circuit has yet to address the issue, but district courts in this Circuit have routinely dismissed similar indemnity claims in FLSA cases like this one. See Villareal v. El Chile, Inc., 601 F.Supp.2d 1011, 1015 (N.D. Ill. 2009); Emanuel v. Rolling in the Dough, Inc., 2010 WL 4627661, *4 (N.D. Ill. Nov. 2, 2010). Adhering to precedent, the Court finds that Defendants' counterclaim conflicts with the purpose of the FLSA. Therefore, Defendants' indemnity claim is pre-empted by federal law and must be dismissed.

Defendants rely on the district court's decision in Costello v. BeavEx Inc., for support of its counterclaim. 2013 WL 2156052 (N.D. Ill. May 17, 2013), *aff'd in part, vacated in part, and remanded by* 810 F.3d 1045 (7th Cir. 2016). But in Costello the plaintiff did not allege a violation of the FLSA, so the issue of federal preemption did not apply, and the district court did not even address the issue. Costello is distinguishable and has no legal bearing in this case. The Court rejects Defendants' argument that: "Clearly, Costello is applicable to the instant matter." Defs.' Resp. at 4.

Only a legal theory "that states a plausible claim for relief survives a motion to dismiss." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Having reviewed Defendants' counterclaim, the parties' motions and the applicable precedent, the Court finds that federal law bars Defendants' counterclaim in its entirety. Therefore, Plaintiff's motion to dismiss is granted. The Court does not reach Defendants' arguments that Plaintiff could still be required to indemnify Defendants for their

alleged state law violations or Plaintiff's alternate argument based on lack of jurisdiction. Because an amendment cannot remedy the legal bar to Defendants' counterclaim, it is dismissed with prejudice.

    IT IS SO ORDERED.

ENTER:

*Charles Norgle*
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 28, 2017